ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
NOV - 4 1997
NANCY DOHERTY, CLERK
By_____ Deputy

NOV 0 4 1997

| | | |
|---|---|---|
| CHRISTOPHER JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CA: 3-97-CV-2577-H |
| | ) | |
| DENTON COUNTY SHERIFF, WELDON | ) | |
| LUCAS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER OF TRANSFER

Pursuant to the provisions of Title 28, United States Code, Section 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge.

## BACKGROUND FACTS:

**Type Case:** This is a civil rights action brought pursuant to the provisions of Title 42, United States Code, Section 1983.

**Parties:** Plaintiff, Christopher Johnson, is a state prisoner currently incarcerated in the Denton County Jail in Denton, Texas.

Defendants are Weldon Lucas, Sheriff of Denton County; Sgt. John Brumley; Cpl. Randy Starr; Jail Administrator Joe Mitchell; Chief Deputy Charles Fleming; Sgt. Moeller; Nurse Becky; Cpl. Myron Murray; Larry Morrison; and, C. Collins. None of the defendant appears to reside, for jurisdictional purposes, within the jurisdictional reach of the Northern District of Texas.

**Statement of the Case:** Plaintiff tendered an application for leave to proceed in forma pauperis and a complaint pursuant to Title 42, United States Code, Section 1983. Because the information contained in the complaint indicates that this Court lacks jurisdiction over plaintiff's claims, the Court will withhold ruling on plaintiff's application to proceed in forma pauperis.

Plaintiff makes several complaints regarding his confinement and conditions of confinement in the Denton County Jail (Complaint, at ¶ IV). Plaintiff states that he filed the complaint with this Court to obtain "speedy justice on this life threatening and constitutional right deprivation." (Complaint, at ¶ I. B.5). Plaintiff further states that "since 1993 [the] Sherman Division has showed prejudice because of knowing defendants to (sic) well". (Complaint, at ¶ I. B.5).

Upon consideration of the allegations in the complaint, the Court has determined that it does not possess venue over the cause of action. Title 28, United States Code, Section 1391(b), the general federal venue statute, specifies:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found if there is no district in which the action may otherwise be brought.

See also **Davis v. Louisiana State Univ., 876 F.2d 412, 413 (5th Cir. 1989).**

Examination of the complaint reveals that plaintiff's claim concerns the conditions of his confinement while detained in the Denton County Jail. Accordingly, this Court does not possess venue to consider plaintiff's cause of action. The Denton County Jail is located in Denton County, Texas. Denton County is within the confines of the Sherman Division of the United

States District Court for the Eastern District of Texas. Moreover, as set forth above, none of the named defendants reside within the jurisdictional reach of the Northern District of Texas. Accordingly, under Title 28, United States Code, Section 1391(b) venue over the cause of action properly lies with the Sherman Division of the United States District Court for the Eastern District of Texas and the cause of action should therefore be transferred to that court.

In accordance with the foregoing, IT IS HEREBY ORDERED that this cause of action is TRANSFERRED to the Sherman Division of the United States District Court for the Eastern District of Texas pursuant to Title 28, United States Code, Section 1391(b).

UNITED STATES MAGISTRATE JUDGE

3